## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANLEY FRANKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C. A. No. |
| | ) |
| Red Clay Consolidated School District, | ) |
|   Plan Administrator of LTD Plan, | ) |
| Long Term Disability Insurance Policy, GROUP | ) |
|   POLICY No. 104964-1G, | ) |
|   an employee benefit plan, aka | ) |
| Red Clay Consolidated School District LTD Plan, | ) |
| Metropolitan Life Insurance Company, | ) |
|   Plan Administrator of LTD Plan, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, by undersigned counsel, and as a cause of action against the above named Defendants, hereby alleges as follows:

## JURISDICTION

1.  This Court  has jurisdiction over the subject matter of this action under 29 U.S.C. Section 1132(e)(1), the pendant jurisdiction of this Court, and under 28 U.S.C. Section 1331.

2.  A copy of this Complaint has been served on the Secretary of Labor and  the Secretary of Treasury of the United States by certified mail.

## VENUE

3.  Venue lies in the District of Delaware under 29 U.S.C. Section

1132(e)(2), and 28 U.S.C. Section 1391(b).

## **PARTIES**

4.   Plaintiff Stanley Frankel ("Frankel" or "Plaintiff") is a former employee of Red Clay Consolidated School District, ("Red Clay" and "LTD Plan Administrator") and an intended and former Participant in the Plan(s), as that status is defined under the Employee Retirement Income Security Act of 1974 ("ERISA") Sec. 3(7), 29 U.S.C. Section 1002(7).  Plaintiff resides at 15 Whitekirk Drive, Wilmington, DE 19808.

5.   Defendant Long Term Disability Plan Policy No. 104964-1G, ("LTD Plan"), aka Red Clay Consolidated School District LTD Plan, is a plan, fund or program of the Company relating to benefits described in ERISA Sec. 3, 29 U.S.C. Section 1002, and an employee welfare benefit plan within the meaning of ERISA Sec.s 3(1) and (3) [29 U.S.C. Sections 1002(1) and (3)], and ERISA Section 4(a) [29 U.S.C. Section 1003(a)].  LTD Plan has an effective date for purposes of this action of 9/1/2002 and is administered and found within the District of Delaware.

6.   Defendant Red Clay Consolidated School District, ("Red Clay" and "LTD Plan Administrator") is the Plan Administrator of a fund or program of Red Clay relating to benefits described in ERISA Sec. 3, 29 U.S.C. Section 1002,  and is a school district organized under the laws of Delaware.  Red Clay is a Plan Administrator of LTD Plan within the meaning of ERISA Sec. 3(16), 29 U.S.C. Section 1002(16), and is a fiduciary under ERISA Sec. 3(21)(A), and Sec. 402(a), [29 U.S.C. Sections 1002(21)(A) and 1102(a)].   Red Clay is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. Section 1002(5), and the former employer of Plaintiff Frankel with a offices in Wilmington, DE 19801.

7.   Defendant Metropolitan Life Insurance Company,  also known to

˘2˘

Plaintiff as MetLife ("MetLife" and "Plan Administrator LTD Plan") is a domestic insurance corporation licensed under the laws of Delaware.  Insurance company is the issuer of the LTD Plan Policy 104964-1G which is the funding vehicle for and the terms of which comprise the LTD Plan.  MetLife is a claims administrator and a benefits determiner under the LTD Plan, and as such is a Plan Administrator of LTD Plan. MetLife is a Plan Administrator of LTD Plan within the meaning of ERISA Sec. 3(16), 29 U.S.C. Section 1002(16), and is a fiduciary under ERISA Sec. 3(21)(A), and Sec. 402(a), [29 U.S.C. Sections 1002(21)(A) and 1102(a)].

## COMMON FACTS

8.  Plaintiff, a former full-time employee of Red Clay, was eligible for participation in LTD Plan and related status Plan(s) at the time his medical condition caused him to be unable to perform his job and cease active work.  His service with Red Clay ended with his termination of employment due to disability on February 29, 2004.  At time of his termination Plaintiff was eligible to participate and to qualify for benefits under the LTD Plan of 66-2/3% of salary.

10.  Plaintiff incurred a debilitating condition comprised of severe depression and  and cognitive dysfunction and has been under continuous medical care for this particular condition since January 27, 2004.

11.  Plaintiff's medical condition of severe depression caused him to be unable to perform his job with Red Clay.  Plaintiff's treating physician was able to establish a regimen that would temporarily relieve him of this dysfunction but did not provide relief or strengthening sufficient to allow Plaintiff to resume normal work activity.

12.  At the time of his ceasing work activity, he was diagnosed with Major Depressive Disorder, Single Episode, Severe and Anxiety Disorder NOS, as well

as further diagnosis of Recurrent, and Unspecified Major Depressive Disorder with a GAF of 49.

13.  These benefits were denied as of May 30, 2004 at which time Plaintiff was advised by MetLife that his disability was not so severe that he could not resume full-time employment.

14.  No  benefits have been paid under the LTD Plan although he has submitted further medical and treating-physician evaluations as requested by MetLife as plan administrator.

15.  Plaintiff has made claims for LTD benefits from the appropriate LTD benefits  provider.  Plaintiff has provided medical opinions and documentation to the Plan Administrator to substantiate his entitlement to LTD benefits under the LTD Plan.  Plaintiff has exhausted his administrative appeals under the LTD Plan.

16.  On December 10, 2004 the appeal of denial of Plaintiff's previous claim denial of  LTD Plan benefits claim denial was received and denied.  In addition to an appeal of denial of claim, Plaintiff has also requested formal legal plan documents for the appropriate LTD Plan.

17.  As a result of this correspondence Plaintiff has established his rights to disclosure and has exhausted his administrative remedies via the Appeal being denied by the Plan Administrator MetLife on December 10, 2004.

18.  Arbitrary work standards have been imposed  by the Plan Administrator on alternate job options beyond those authorized by Plaintiff's treating physician. These limitations are neither valid nor set forth in any plan documents that have been provided to Plaintiff.

19.  Plaintiff has been prevented from securing benefits for his medications by Red Clay and Plan Administrator.  Plaintiff has been intentionally denied his protected benefits by the Red Clay, MetLife and Plan Administrator, all in

violation of ERISA section 510, 29 U.S.C. Section 1140.

## COUNT I - WELFARE PLAN DISABILITY BENEFITS UNDER ERISA

20.  The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully restated.

21.  Plaintiff's condition met the qualifying inability to perform the duties of his regular occupation for the qualifying period of disability under the LTD Plan.

22.  Plaintiff's condition meets and continues to meet the qualifying disability of complete inability to perform any and every duty pertaining to his duties as might be defined under terms of the LTD Plan.

23.  The Plan Administrator, or each of them, has arbitrarily and capriciously denied Plaintiff benefits under LTD Plan on the basis he did not, and does not, medically qualify.

24. Plaintiff is entitled to benefits from the LTD Plan and makes a claim for benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B), for benefits under the LTD and related status welfare plans which benefits were arbitrarily and capriciously denied to Plaintiff.

25.  No explanation or other descriptive analysis of the medical data submitted to the Plan administrator was provided Plaintiff advising why Plaintiff's condition was not a qualifying disability under STD Plan which is in violation of ERISA Section 503, 29 U.S.C. Section 1133.

26.  Plaintiff has followed claims procedures of LTD Plan and otherwise has exhausted his administrative remedies as to his rights to benefits under LTD Plan and related welfare plans.

WHEREFORE, Plaintiff asks that the Court:

(1) Enter judgment against LTD Plan and related status plans, and

both Red Clay and MetLife as Plan Administrator(s), declaring Plaintiff's entitlement to benefits due as indicated above, and direct the LTD Plan and the Plan Administrators to pay said benefits due, together with pre-judgment interest and post-judgment interest on said amounts;

(2) Enter judgment against Red Clay and MetLife as Plan Administrator(s) and LTD Plan for reasonable attorneys' fees, costs, and other expenses allowed by law in prosecuting this action, incurred in this action, or due as a result of any collection or enforcement of any judgment; and

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - WELFARE PLAN MEDICAL BENEFITS UNDER ERISA

27.  The allegations of Paragraphs 1 through 26 are incorporated by reference as if fully restated.

28.  Plaintiff's condition, illness and prescription medication meets the qualifying medical expense necessary to generate a benefit for a full-time regular employee requiring reimbursement of medical expenses under Medical Plan.

29.  Plaintiff's condition, illness and prescribed  medication meet the qualifying medical requirements of Medical Plan for pharmaceutical benefits as might be defined under terms of Medical Plan.

30.  The Plan Administrator has arbitrarily and capriciously denied Plaintiff benefits under Medical Plan on the basis he did not medically qualify for reimbursement of medication costs as qualified under LTD Plan.

31.  Plaintiff is entitled to benefits from Medical Plan and makes a claim for benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B), for benefits under Medical and related status plans which benefits were arbitrarily and capriciously denied to Plaintiff.

32.  No explanation or other descriptive analysis of the medication cost data submitted to the Plan administrator was provided to Plaintiff advising why Plaintiff's medical expenses were not a qualifying medical reimbursement condition under Medical Plan which is in violation of ERISA Section 503, 29 U.S.C. Section 1133.

33.  Plaintiff has followed claims procedures of Medical Plan and otherwise has exhausted her administrative remedies as to his rights to benefits under Medical  Plan.

WHEREFORE, Plaintiff asks that the Court:

(1) Enter judgment against Medical Plan and related status plans, and Red Clay and MetLife as Plan Administrators declaring Plaintiff's entitlement to benefits due as indicated above, and direct Medical Plan and the Plan Administrator to pay said benefits due, together with pre-judgment interest and post-judgment interest on said amounts;

(2) Enter judgment against Red Clay as Plan administrator and Medical Plan for reasonable attorneys' fees, costs, and other expenses allowed by law in prosecuting this action, incurred in this action, or due as a result of any collection or enforcement of any judgment; and

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - FIDUCIARY BREACH OF  PLAN ADMINISTRATOR

34.  The allegations of Paragraphs 1 through 33 are incorporated by reference as if fully restated.

35.  Plaintiff made claims for benefits which claims were summarily denied

without adequate factual or legal reasons being set forth as to why his claim was denied, or without advising what further information was required to meet requirements for proof of disability requirements under the plans, all in violation of ERISA Section 503, 29 U.S.C. Section 1133.

36.  Plaintiff appealed the denial of his claims for benefits, which appeal was denied without descriptive reasons, or without advising what further information was required to meet disability requirements under the plans, all in violation of ERISA Section 503, 29 U.S.C. Section 1133.

WHEREFORE, Plaintiff asks this Court to enter judgment:

(1) Against Red Clay and MetLife for such amounts as may be determined as due for violation of ERISA Section 503, and in accordance with her rights under ERISA Section 502(a)(3), 29 U.S.C. Section 1132(a)(3), along with pre-judgment interest and post-judgment interest, costs and fees, including reasonable attorney fees incurred in connection with this action and in connection with any judgment or proceedings to enforce or collect any judgment , and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

_____
John M. Stull (Del.Bar #568)
1300 N. Market St., Ste 700
P. O. Box 1947
Wilmington, DE19899
Ph. 302) 654-0399
Attorney for Plaintiff

Dated: May 31, 2005